UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BRENDA K. SINGLETARY,

    Plaintiff,

v.                                              Case No:  6:12-cv-881-Orl-31TBS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

_____

### REPORT AND RECOMMENDATION[1]

Pending before the Court is the Government's Unopposed Motion to Remand. (Doc. 17).  The Government requests that this case be remanded pursuant to sentence four of 42 U.S.C. § 405(g) so that the Commissioner can take further administrative action in this case.  Pursuant to M.D. FLA. R. 3.01(g), counsel for the Government represents that Plaintiff's attorney has been contacted and has no objection to the requested relief.

Pursuant to Title 42, United States Code, Section 405(g) the Court is empowered to reverse the decision of the Commissioner with or without remanding the cause for a rehearing. Shalala v. Schaefer, 509 U.S. 292 (1993). The failure of the ALJ to develop the record constitutes sufficient grounds for remand. Brissette v. Heckler, 730 F.2d 548 (8th Cir. 1984), appeal after remand 613 F. Supp. 722 (E.D. Mo. 1985), judgment aff'd in part, rev'd in part, 784 F.2d 864 (8th Cir. 1986).   A sentence-four remand may be appropriate to allow the Commissioner to explain the basis for his or her administrative decision.

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.  Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

Falcon v. Heckler, 732 F.2d 827, 829-30 (11th Cir. 1984) (holding remand was appropriate to allow the ALJ to explain the basis for the determination that the claimant's depression did not significantly affect her ability to work and treating psychologist acknowledged that claimant had improved in response to treatment and could work in a supportive, noncompetitive, tailor-made work environment).  Upon remand of the case under sentence-four, the ALJ must review the complete case record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726, 729 (11th Cir. 1983) (finding that it was necessary for the ALJ on remand to consider psychiatric report tendered to Appeals Council); Reeves v. Heckler, 734 F.2d 519, 522 n. 1 (11th Cir. 1984) (holding that the ALJ should consider on remand the need for an orthopedic evaluation).

Upon consideration of the foregoing, I agree with the parties that it is appropriate to remand this matter to the Commissioner and RESPECTFULLY RECOMMEND that;

1. The Government's Unopposed Motion for Entry of Judgment with Remand (Doc. 17) be **GRANTED**.

2. This action be **REVERSED AND REMANDED** to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).

3. The Clerk be directed to enter judgment accordingly, terminate any pending motions, and close the file.

4. The deadline to file a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) shall be thirty (30) days after Plaintiff receives notice from the Social Security Administration of the amount of past due benefits awarded.  Upon receipt of the notice, counsel for Plaintiff shall promptly email Mr. Rudy and the OGC attorney who prepared the Government's brief to advise that the notice has been received.

RESPECTFULLY RECOMMENDED at Orlando, Florida on January 2, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record